UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RANDAL FOLWER AND RICKIE MCCONNICO, INDIVIDUALLY AND ON BEHALF OF SIMILARLY SITUATED PERSONS,<br><br>Plaintiffs,<br><br>v.<br><br>BLUESTONE COKE, LLC, BLUESTONE COAL, CORP., AND BLUESTONE RESOURCES, INC.,<br><br>Defendants. | Case No.: 2:23-cv-01418-MHH |

## MEMORANDUM OPINION

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, plaintiffs Randal Fowler and Rickie McConnico, individually and on behalf of similarly situated persons, have asked the Court to issue default judgement against defendants Bluestone Coke, LLC; Bluestone Coal, Corp.; and Bluestone Resources, Inc. (Doc. 32).

Under the Federal Rules of Civil Procedure, a district court may sanction a party that does not comply with a discovery order. FED. R. CIV. P. 37(b)(2). Pursuant to Rule 37(d)(1)(A)(ii), a district court may sanction a party that fails to serve answers, objections, or written responses to properly served interrogatories. FED. R.

1

CIV. P. 37(d)(1)(A)(ii).  Default judgment is an available sanction but "only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders."  *Stansell v. Revolutionary Armed Forces of Colombia*, 120 F.4th 754, 763 (11th Cir. 2024).  "[T]o impose the severe sanction of a default judgment, the district court must make a finding of willful or bad faith failure to comply."  *Rasmussen v. Cent. Fla. Council Boy Scouts of Am., Inc.*, 412 Fed. Appx. 230, 232 (11th Cir. 2011).  Generally, "the imposition of sanctions for failure to provide discovery rests with the sound discretion of the district court and will not be overturned absent abuse of that discretion."  *Props. Int'l, Ltd. v. Turner*, 706 F.2d 308, 310 (11th Cir. 1983).

The plaintiffs allege that the defendants abruptly closed their coke production facility in North Birmingham and terminated employees without providing the notice the law requires.  (Doc. 1).  According to the plaintiffs, between October 24, 2021, and November 12, 2021, Bluestone made a series of layoffs and ceased operations at the plant on November 12, 2021.  (Doc. 1, pp. 2–3, ¶¶ 10–14).  The plaintiffs contend that Bluestone did not provide 60 days' written notice of the mass layoff and plant closure, as required by the Worker Adjustment and Retraining Notification Act of 1988.  (Doc. 1, p. 7, ¶ 40).  Mr. Fowler and Mr. McConnico filed this action on October 20, 2023, on behalf of themselves and similarly situated former employees to recover damages and other relief for Bluestone's alleged violations of the WARN Act.  (Doc. 1).

Mr. Fowler and Mr. McConnico request a default judgment based on Bluestone's repeated failure to participate in discovery and to comply with court orders. (Doc. 32). The Court initially set a discovery deadline for December 31, 2024. (Doc. 16, p. 2). On May 24, 2024, Mr. Fowler and Mr. McConnico served on the defendants interrogatories and requests for production. (Doc. 32-1, p. 2, ¶ 6). In July 2024, the plaintiffs' attorney repeatedly attempted to obtain discovery responses and to confer regarding Rule 30(b)(6) depositions. (Doc. 32-1, p. 2, ¶ 7). Despite several email messages over several months, Bluestone did not provide discovery responses or designate corporate representatives. (Doc. 32-1, p. 3, ¶¶ 8–12).

In November 2024, Bluestone's attorney acknowledged his lack of responsiveness, cited health issues, and represented that discovery responses and deposition dates would be forthcoming. (Doc. 32-1, p. 4, ¶ 13). Based on those representations, the parties jointly moved to modify the scheduling order, and the Court extended the discovery deadline to April 18, 2025. (Doc. 32-1, p. 4, ¶¶ 14–15).

Bluestone again failed to provide discovery responses. (Doc. 32-1, p. 5, ¶¶ 15–16). The plaintiffs filed a motion to compel on January 30, 2025. (Doc. 32-1, p. 5, ¶ 17). The defendants did not respond to the motion and did not appear at the February 13, 2025, hearing on the motion. (Doc. 32-1, p. 5, ¶ 17). The Court entered

3

a show cause order and required Bluestone to explain why default should not be entered. (Doc. 32-1, p. 5, ¶ 18). Bluestone responded, representing that discovery responses would be completed within two weeks and stating that Steve Ball had been designated as the corporate representative. (Doc. 32-1, p. 6, ¶ 19).

Relying on these representations, the Court required the parties to file a joint discovery status report by March 31, 2025. (Doc. 32-1, p. 6, ¶ 20). Bluestone did not respond to the plaintiffs' May 2024 discovery responses and did not provide deposition dates for Mr. Ball. (Doc. 32-1, pp. 6–7, ¶ 21–24). The plaintiffs unilaterally filed a status report. (Doc. 32-1, p. 7, ¶ 25).

On April 7, 2025, the Court held a status conference. (Doc. 32-1, pp. 7–8), ¶ 26). Bluestone's attorney did not appear and did not explain his absence. (Doc. 32-1, pp. 7–8), ¶ 26). To date, the Bluestone defendants have not responded to the plaintiffs' May 2024 discovery requests or produced a corporate representative for deposition. (Doc. 32-1, p. 8, ¶ 27).

*** 

On this record, the sanction of default judgment is warranted. The Bluestone defendants have established a pattern of willful and bad-faith noncompliance with discovery requests and court orders. Lesser sanctions would not serve the interests of justice. The Court has employed less punitive measures, but the Bluestone defendants refuse to engage in this litigation. (Doc. 32-1, p. 5, ¶¶ 17–18).

4

Bluestone's conduct has persisted despite several opportunities to cure discovery failures. (*See* Doc. 32-1, pp. 6–7, ¶ 21–24). Given Bluestone's failure to engage in the discovery process, disregard of court orders, and absence from hearings and conferences, additional warnings or hearings would be a waste of judicial resources. Bluestone's conduct has prejudiced the plaintiffs by preventing them from obtaining discovery necessary to prosecute their claims and has impeded the orderly administration of this case. Under these circumstances, default judgment is the only sanction sufficient to address the defendants' misconduct.

Although Rule 37(c)(1) permits default judgment as a sanction, a court must determine that the plaintiff's underlying claims are plausible before entering such a judgment. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015). "[A] motion for default judgment is like a reverse motion to dismiss for failure to state a claim." *Surtain*, 789 F.3d at 1245. Even where a defendant is in default and deemed to admit well-pleaded factual allegations, the plaintiffs still must allege sufficient facts to state a claim for relief that is plausible on its face. *Surtain*, 789 F.3d at 1245.

Here, the plaintiffs sufficiently allege a plausible basis for relief under the WARN Act. As discussed, the plaintiffs allege that between October 24, 2021, and November 12, 2021, Bluestone laid off employees and ceased operations at the plant on November 12, 2021. (Doc. 1, pp. 2–3, ¶¶ 10–14). The plaintiffs allege that

5

Bluestone did not provide 60 days' written notice of the mass layoff and plant closure, as required by the Worker Adjustment and Retraining Notification Act of 1988, 29 U.S.C. § 2102(a). (Doc. 1, p. 7, ¶ 40). These allegations, taken as true, are sufficient to state a plausible claim for relief.

Therefore, by separate order, the Court will enter a default judgment against the Bluestone defendants that requires the Bluestone defendants to pay the plaintiffs and each affected class member 60 days of back pay at their final rate of pay, benefit claims submitted to the defendants for unpaid claims incurred between November 12, 2021, and January 11, 2022, and a reasonable attorney's fee plus costs of litigation. Counsel for the plaintiffs shall submit a motion for attorney fees within 14 days.

**DONE** and **ORDERED** this February 27, 2026.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE